Case: 1:15-cv-01356 Document #: 16 Filed: 03/02/15 Page 1 of 3 PageID #:115
Case MDL No. 2602 Document 48 Filed 02/06/15 Page 1 of 3

FILED: 02/06/2015
JUDGE ST. EVE
MAGISTRATE JUDGE MARTIN
LEAD CASE: 15 C 1364

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ A. BAUGARD
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
February 13, 2015

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: RUST-OLEUM RESTORE MARKETING,
SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 2602

### TRANSFER ORDER

**Before the Panel**:[*] Common defendant Rust-Oleum Corporation moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of five actions pending in five districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of a related action in an additional district.[2] All plaintiffs and co-defendants[3] in the actions support or consent to centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that the deck and concrete resurfacing paint products manufactured and sold by the Rust-Oleum Corporation under the Restore brand name are defective because they allegedly bubble, flake, chip, peel, or otherwise degrade prematurely, contrary to the representations in defendant's marketing, labeling, and product warranty. Plaintiffs in all actions further allege that defendants knew or should have known of the purported defects. The common questions of fact will include the design, manufacture, and testing of Restore products; the representations in the products' marketing and labeling; Rust-Oleum's policies and practices with respect to the warranties; and the measure of damages. Additionally, all actions are on behalf of overlapping putative nationwide and statewide classes of Restore consumers.

Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Centralization also is consistent with the Panel's decisions ordering centralization

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] There were six actions listed on defendant's motion for centralization, but one action in the Northern District of Illinois (*Shogren*) was terminated in November 2014, following its consolidation with the *McCain* action in that district.

[2] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Home Depot U.S.A., Inc. and The Home Depot, Inc.

-2-

of actions relating to allegedly defective building products in similar circumstances. *See, e.g., In re: GAF Elk Cross Timbers Decking Mktg., Sales Practices and Prods. Liab. Litig.*, — F. Supp. 3d —, 2014 WL 7006714, at *1 (J.P.M.L. Dec. 12, 2014) (centralizing six putative class actions that involved common questions of fact related to allegedly defective decking products); *In re: Building Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, 818 F. Supp. 2d 1374 (J.P.M.L. 2011) (centralizing five putative class actions that involved common questions of fact relating to allegedly defective roofing shingles).

We conclude that the Northern District of Illinois is an appropriate transferee district for this litigation. This district, which has the unanimous support of all plaintiffs and defendants, provides a geographically central forum for this nationwide litigation that will be convenient and accessible for the parties and witnesses. Common defendant Rust-Oleum has its corporate headquarters there, indicating that relevant documents and witnesses likely will be located there. Additionally, the first-filed and most advanced action is pending in this district. Judge Amy St. Eve is an experienced transferee judge, and we are confident she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy St. Eve for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Ellen Segal Huvelle    R. David Proctor
Catherine D. Perry

# IN RE: RUST-OLEUM RESTORE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 2602

## SCHEDULE A

Northern District of Illinois

MCCAIN, ET AL. v. RUST-OLEUM CORPORATION, ET AL., C.A. No. 1:14-04852

District of Maryland

WEBBER, ET AL. v. RUST-OLEUM CORPORATION, ET AL., C.A. No. 1:14-02248
15 C 1365

Southern District of New York

FERNANDEZ v. RUST-OLEUM CORPORATION, ET AL., C.A. No. 7:14-08857
15 C 1366

Eastern District of North Carolina

LEONARD, ET AL. v. RUST-OLEUM CORPORATION, C.A. No. 7:14-00259
15 C 1368

Eastern District of Pennsylvania

CADY, ET AL. v. RUST-OLEUM CORPORATION, C.A. No. 5:14-06156   15 C 1369